**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00468-CV**

_____

**AMY HERMAN AND FATMA HERMAN D/B/A JUST GOOD STUFF,**
**Appellants**

**V.**

**RANDY STEVENSON, Appellee**

**On Appeal from the County Court at Law No. 6**
**Montgomery County, Texas**
**Trial Cause No. 25-34807**

**MEMORANDUM OPINION**

On November 13, 2025, Appellants Amy Herman and Fatma Herman d/b/a Just Good Stuff filed a notice of appeal from a final judgment for possession in Trial Cause Number 25-34807 signed on October 15, 2025. The reporter's record was filed on December 29, 2025, and the clerk's record was filed on February 13, 2026. The Clerk of the Court notified the parties that Appellants' Brief was due March 16, 2026.

1

On April 14, 2026, the Clerk of the Court issued a letter that informed the parties that the Court had received Appellants' brief, that identified specific deficiencies in the brief, and that directed Appellants to file a compliant brief and serve a copy of the brief on Appellee by April 24, 2026. No party responded to the notice from the Clerk.

On May 12, 2026, the Clerk of the Court issued a notice that the appeal would be submitted on the record alone unless by May 22, 2026, Appellants filed a compliant brief and a motion for extension of time to file the brief. The Clerk warned Appellants that submission without briefs could result in dismissal for want of prosecution. *See* Tex. R. App. P. 38.8(a) (If an appellant fails to timely file a brief, the appellate court may dismiss the appeal for want of prosecution or decline to dismiss the appeal and give further direction to the case as it considers proper.). No party filed a response to the Clerk's notice.

On June 16, 2026, the Clerk of the Court notified the parties that the appeal would be submitted to the Court without oral argument on July 7, 2026.

We submitted this case without briefs. That said, in the interest of justice, we have reviewed the entire record on appeal. *See id.* 39.8; 42.3 (When the appellant fails to prosecute the appeal, "the appellate court may dismiss the appeal or affirm the appealed judgment or order."). Having found no reversible error on appeal, we affirm the trial court's judgment. *See id.* 43.2(a). Judgment is rendered against the

2

sureties on Appellants' supersedeas bond for the performance of the judgment and for costs rendered against Appellants. *See id.* 43.5.

AFFIRMED.

PER CURIAM

Submitted on July 7, 2026
Opinion Delivered July 9, 2026

Before Golemon, C.J., Wright and Chambers, JJ.